IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **RODRIGO LEDEZMA PERALES,** § | | |
| **INDIVIDUALLY AND AS** § | | |
| **REPRESENTATIVE OF THE ESTATE** § | | |
| **OF EFRAIN LEDEZMA PERALES,** § | | |
| Plaintiffs § | | |
| § | | |
| VS § | C.A. NO. 3:22-CV-00061 | |
| § | | |
| **SERGEANT JONATHAN WUNEBURGER,** § | | |
| **#7802 LIEUTENANT SCOTT FINLAW,** § | | |
| **#7596 and CAPTAIN KEVIN WALKER,** § | | |
| **#6700 in their individual capacities, and** § | | |
| **GALVESTON COUNTY,** § | | |
| Defendants § | | |

**DEFENDANT JONATHAN WUNEBURGER'S ORIGINAL ANSWER
TO PLAINTIFFS' FIRST AMENDED COMPLAINT**
==================================================================

MAY IT PLEASE THE COURT:

NOW COMES DEFENDANT JONATHAN WUNEBURGER IN HIS INDIVIDUAL CAPACITY (hereafter "DEFENDANT") and files this Original Answer to Plaintiffs' First Amended Complaint (hereafter "Complaint).

**ANSWER-SPECIFIC DENIALS**

1. With respect to Section I of the Complaint, titled "<u>Introduction</u>", ¶¶1, DEFENDANT denies Plaintiffs are entitled to recover any relief or damages from him and denies violations of the Constitution as alleged.

2. With respect to Section II of the Complaint, titled "<u>Jurisdiction and Venue</u>", ¶¶2-3, DEFENDANT admits that federal question jurisdiction exists, and that venue is proper in the Galveston Division of the U.S. District Court for the Southern District of Texas. As to all other pled allegations in this Section, DEFENDANT denies that Plaintiffs are entitled to any relief or damages as requested.

3.      With respect to Section III of the Complaint, titled "Parties", ¶¶4-6, 8 and 10, DEFENDANT does not have sufficient knowledge or information to form a belief about the truth of the factual allegations, therefore denied. With respect to ¶¶7, 9, 11-14, DEFENDANT admits that he lives in Texas; that he was employed with the Galveston County Sheriff's Office at the time of the incident alleged; that he was acting in the course and scope of his employment; and that he was acting under color of state law. As to all other factual and legal allegations and claims in these paragraphs, DEFENDANT denies.

4.      With respect to Section IV of the Complaint, titled "Factual Background", ¶¶15-22, DEFENDANT does not have sufficient knowledge or information to form a belief about the truth of the factual allegations, therefore denied.

5.      With respect to Section IV of the Complaint, titled "Factual Background", ¶¶23-25, DEFENDANT denies the factual allegations.

6.      With respect to Section IV of the Complaint, titled "Factual Background", ¶26, DEFENDANT does not have sufficient knowledge or information to form a belief about the truth of the factual allegations, therefore denied.

7.      With respect to Section IV of the Complaint, titled "Factual Background", ¶¶27-36, DEFENDANT denies the material factual and legal allegations contained therein.

8.      With respect to Section IV of the Complaint, titled "Factual Background", ¶37, DEFENDANT does not have sufficient knowledge or information to form a belief about the truth of the factual allegations, therefore denied.

9.      With respect to Section IV of the Complaint, titled "Factual Background", ¶38 DEFENDANT admits the material factual allegation.

10.     With respect to Section IV of the Complaint, titled "Factual Background", ¶39, DEFENDANT denies the material factual and legal allegations and characterizations contained therein.

11.     With respect to Section IV of the Complaint, titled "Factual Background", ¶40, DEFENDANT admits the material factual allegation.

12.     With respect to Section IV of the Complaint, titled "Factual Background", ¶41-42, DEFENDANT denies that he committed homicide to the extent this is what the medical examiner determined the cause of death to be. As to all other factual allegations and characterizations in these paragraphs, DEFENDANT does not have sufficient knowledge or information to form a belief about the truth of the factual allegations, therefore denied.

13.     With respect to Section IV of the Complaint, titled "Factual Background", ¶43, DEFENDANT admits the existence of the criminal case and indictment, but denies the allegations in the criminal case and indictment.

14.     With respect to Section V of the Complaint, titled "CONCEALMENT OF EVENTS", ¶¶44-51, DEFENDANT denies all factual and legal allegations and characterizations referring to or describing his alleged conduct. As to all factual allegations in these paragraphs regarding available evidence or the conduct of the Sheriff's Office or DA's office in regard to the Plaintiffs, DEFENDANT does not have sufficient knowledge or information to form a belief about the truth of the factual allegations, therefore denied.

15.     With respect to Section VI of the Complaint, titled "DEFENDANT WUNEBURGER'S HISTORY OF EXCESSIVE FORCE", ¶¶52-132 DEFENDANT denies the material factual allegations and legal characterizations contained therein as to him and his conduct. As to ¶¶133-135, DEFENDANT denies all factual and legal assertions and characterizations regarding his alleged conduct and that discipline or additional training was needed or necessary.

16.     With respect to Section VII of the Complaint, titled "ADDITIONAL *MONELL* ALLEGATIONS, ¶¶136-143, DEFENDANT denies all factual and legal allegations and characterizations contained therein regarding or describing his alleged conduct.

17.     With respect to Section VIII of the Complaint, titled "CAUSES OF ACTION - COUNT ONE: FOURTEENTH AMENDMENT; EXCESSIVE FORCE AGAINST PRETRIAL DETAINEEE AGAINST DEFENDANT WUNEBURGER (42 U.S.C § 1983)", ¶¶144-150 DEFENDANT denies the factual and legal allegations and

characterizations contained therein and denies that Plaintiffs are entitled to any of the relief pled or claimed. As to ¶144, DEFENDANT refers to all previous admissions and denials in this Answer.

18. With respect to Section IX of the Complaint, titled "COUNT TWO: SUPERVISORY LIABILITY AGAINST DEFENDANTS FINLAW AND WALKER (42 U.S.C § 1983)", ¶¶151-162, DEFENDANT denies all factual and legal allegations and characterizations contained therein regarding or describing his alleged conduct and denies that Plaintiffs are entitled to any of the relief pled or claimed. As to ¶151, DEFENDANT refers to all previous admissions and denials in this Answer.

19. With respect to Section X of the Complaint, titled "COUNT THREE: *MONELL* AGAINST DEFENDANT GALVESTON COUNTY (42 U.S.C § 1983)", ¶¶163-170, DEFENDANT denies all factual and legal allegations and characterizations contained therein regarding his alleged conduct and denies that Plaintiffs are entitled to the relief pled. As to ¶163, DEFENDANT refers to all previous admissions and denials in this Answer.

20. With respect to Section XI of the Complaint, titled "COUNT FOUR: PUNITIVE DAMAGES AGAINST DEFENDANT WUNEBURGER(42 U.S.C § 1983)", ¶¶171-173, DEFENDANT denies the factual and legal allegations and characterizations contained therein regarding his alleged conduct and denies that Plaintiffs are entitled to any of the relief requested. As to ¶171, DEFENDANT refers to all previous admissions and denials in this Answer.

21. With respect to Section XII of the Complaint, titled "DAMAGES", ¶¶174-179, DEFENDANT denies the factual and legal allegations and characterizations contained therein regarding his alleged conduct and denies that Plaintiffs are entitled to any of the relief requested.

22. With respect to Section XIII of the Complaint, titled "JURY DEMAND", ¶180, no Rule 8 response is necessary with regard to the jury trial request. As to any material factual

and legal allegations contained therein, DEFENDANT denies that Plaintiffs are entitled to any damages or relief as pled.

## GENERAL DENIAL

23. DEFENDANT hereby generally denies all material allegations contained in Plaintiffs' Complaint not specifically admitted to herein. Any material factual allegations not specifically admitted in the foregoing paragraphs are hereby denied and DEFENDANT demands proper proof as required by law and the rules of court.

## AFFIRMATIVE DEFENSES

**Qualified Immunity**

24. DEFENDANT hereby asserts the affirmative defense of qualified immunity from all claims asserted by Plaintiffs, including any claims for punitive or exemplary damages. This defense of immunity encompasses the DEFENDANT'S immunity from suit, as well as immunity from liability. Further, with regard to those causes of action over which DEFENDANT has immunity from suit, the Court is without subject matter jurisdiction.

**Other Actors**

25. In the alternative, and without waiving the foregoing, DEFENDANT pleads by way of defense or affirmative defense that the illegality of the acts and omissions of Efrain Ledezma Perales or other third parties were the actual, producing, and proximate cause of any injuries, damages, and losses.

## CONCLUSION & PRAYER

THEREFORE, based on any one or more of the foregoing reasons, DEFENDANT JONATHAN WUNEBURGER hereby requests and prays that at the appropriate juncture in this litigation, the Court deny all relief requested by Plaintiffs in their Complaint, or any future live pleading filed in this cause.

DEFENDANT also requests and prays for any further and additional relief to which he may be entitled, at law or in equity.

SIGNED on the 2nd day of DECEMBER 2022.

        Respectfully submitted,

By: *Robert L. Drinkard*
   ROBERT L. DRINKARD
   Attorney In Charge
   State Bar No. 24007138
   So. Dist. ID No. 29288
   rldrinkard@rampagelaw.com
   **DENTON, NAVARRO, ROCHA,**
    **BERNAL & ZECH, P.C.**
   549 Egret Bay Blvd., Ste. 200
   League City, Texas 77573
   Tel. 832.632.2102

By: *Ricardo J. Navarro*
   RICARDO J. NAVARRO
   State Bar No. 14829100
   Fed I.D. No. 5953
   rjnavarro@rampagelaw.com
   **DENTON, NAVARRO, ROCHA,**
    **BERNAL & ZECH, P.C.**
   549 Egret Bay Blvd., Ste. 200
   League City, Texas 77573
   Tel. 832.632.2102

   **COUNSEL FOR DEFENDANT**
   **JONATHAN WUNEBURGER**

### CERTIFICATE OF SERVICE

 I certify that a true and correct copy of this document has been served on the persons or parties identified below in accordance with one or more of the recognized methods of service by the Federal Rules of Civil Procedure on the 2nd day of DECEMBER 2022.

 Kathleen T. Zellner               **Via E-Filing Method**
 Nicholas Curran
 **KATHLEEN T. ZELLNER & ASSOCIATES, P.C.**
 4580 Weaver Parkway, Ste. 204
 Warrenville, Illinois 60555
 Email: nick@zellnerlawoffices.com
 **COUNSEL FOR PLAINTIFFS**

Matthew D. Doss **Via E-Filing Method**
**DOSS & RODRIGUEZ, PLLC**
3131 E. 29th Street
Bldg. D – Suite 200
Bryan, Texas 77802
Email: matt@dossrodlaw.com
**COUNSEL FOR PLAINTIFFS**


*Robert L. Drinkard*
ROBERT L. DRINKARD
RICARDO J. NAVARRO